## Port Auth. of N.Y. & N.J. v Port Auth. Sergeants Benevolent Assn.

2024 NY Slip Op 30348(U)

January 29, 2024

Supreme Court, New York County

Docket Number: Index No. 453311/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARLENE P. BLUTH        PART              14

*Justice*

-------------------------------------------------------------------------------X

PORT AUTHORITY OF NEW YORK & NEW JERSEY,

                 Petitioner,

                 - v -

PORT AUTHORITY SERGEANTS BENEVOLENT
ASSOCIATION, JOHN PASSAROTTI

                 Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 453311/2023 |
| MOTION DATE | 01/25/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 12, 13, 14, 15, 16

were read on this motion to/for        CONFIRM/DISAPPROVE AWARD/REPORT     .

The petition to confirm an arbitral award is denied due to improper service.

**Background**

This proceeding arises out of arbitration involving misconduct committed by respondent John Passarotti, a sergeant for the Port Authority. After a lengthy arbitration, an arbitrator found that Mr. Passarotti intentionally concealed license plates affixed to Port Authority owned vehicles and directed officers under his immediate supervisions to remove license plates from other vehicles in order to conceal their identifying information. The apparent purpose was to avoid incurring summonses for running red lights. The arbitrator imposed a penalty of termination.

Respondents did not interpose an answer in this case. Instead, it first uploaded an affirmation from Mr. Robert Zafonte, Jr., president of respondent Port Authority Sergeants Benevolent Association, in which he denies that this respondent received service. He claims that the person purportedly served was a lieutenant, which shows service was not properly

453311/2023   PORT AUTHORITY OF NEW YORK & NEW JERSEY vs. PORT AUTHORITY
SERGEANTS BENEVOLENT ASSOCIATION ET AL
Motion No. 001

Page 1 of 4

effectuated as that person is not affiliated with the Port Authority *Sergeants* Benevolent Association ("SBA"). In his affirmation Mr. Zafonte, Jr. requests that the January 25, 2024 return date be "postponed" indefinitely. He also observes that he was told by the general counsel for the SBA that there is "some type of proceeding" in this dispute scheduled for April 2024. Respondents included an affirmation from its counsel, who also observes that petitioner did not serve respondent Passarotti.

In reply, petitioner contends that its agent for service of process attempted service on two separate dates and, on the second attempt, was "met with surprising conduct." Petitioner points to an affirmation from the process server, NYSCEF Doc. No. 16, in which he claims that the lieutenant to which he gave the papers agreed to accept service on behalf of the SBA. Petitioner insists that respondents are evading service and that the Court should exercise its discretion under CPLR 311(b).

**Discussion**

The procedural posture of the instant dispute is baffling. Respondents claim that there was improper service but did not make a motion to dismiss for improper service or file an answer and raise improper service as a defense. Instead, they uploaded an affirmation and asked for an adjournment,[1] although it is unclear on what basis this special proceeding should be adjourned. Moreover, the vague reference to "some type of proceeding" in April 2024 is not a basis to adjourn a fully submitted petition.

Petitioner's reply is not without its own curious arguments. As an initial matter, the date of purported service is January 15, 2024 (NYSCEF Doc. No. 12) despite the fact that the notice

---

[1] Respondents also attempted to contact the Court via telephone and requested "guidance." The Court ignored these requests as it cannot offer legal advice or guidance to parties nor will it engage in ex parte communications about how one side should proceed.

**453311/2023   PORT AUTHORITY OF NEW YORK & NEW JERSEY vs. PORT AUTHORITY**                **Page 2 of 4**
**SERGEANTS BENEVOLENT ASSOCIATION ET AL**
**Motion No.  001**

of petition set the return date for January 25, 2024 and required an answer to be filed seven days prior to return date. That is, petitioner did not timely serve the commencing papers under CPLR 403(b) (which requires that service be effectuated 12 days before the return date where the notice of petition demands an answer seven days prior to the return date) and did not make a motion to extend its time to serve respondents.

Moreover, petitioner does not directly refute respondents' central argument that petitioner did not properly serve the *Sergeants Benevolent Association* because it attempted to effectuate service by handing the papers to a *lieutenant*.  On its face, that raises an issue about the effectiveness of the purported service. And petitioner did not make a motion to address this issue despite including a vague reference in reply to CPLR 311(b), which provides that a Court "upon motion without notice" may direct service via alternative means on a domestic or foreign corporation where service under CPLR 311(a) is "impracticable."   The Court cannot grant such relief where it was requested for the first time in reply.

In any event, the Court denies the petition and dismisses this case for lack of service because petitioner never served respondent Passarotti.  Respondents pointed out that there was no service on this respondent (NYSCEF Doc. No. 14, ¶ 8) and petitioner did not address this issue in reply. "A special proceeding relating to arbitration generally is not effectively commenced if the initiating papers are served by ordinary mail. Service must be made in the same manner as a summons" (Vincent C. Alexander, Supplementary Prac Commentaries, C7502:1).

Here, the affidavit of service (which, as noted above, is disputed) only purports to show service on the SBA (*see* NYSCEF Doc. No. 12).  No mention is made in the affidavit of service that respondent Passarotti was served nor did petitioner explain why it did not need to serve this

**453311/2023   PORT AUTHORITY OF NEW YORK & NEW JERSEY vs. PORT AUTHORITY**                    **Page 3 of 4**
**SERGEANTS BENEVOLENT ASSOCIATION ET AL**
**Motion No.  001**

3 of 4

[* 3]

respondent. As he is clearly a necessary party (after all, the arbitrator terminated his employment), the Court is unable to grant the petition and therefore, there is no reason to assess whether or not the SBA was properly served.

The Court also cannot vacate the award as respondents insist this Court has not gained jurisdiction over either respondent. The Court merely dismisses this petition on procedural grounds based on improper service and makes no affirmative findings on the merits of the arbitration award.

Accordingly, it is hereby

ADJUDGED that the petition is denied for lack of proper service without costs or disbursements.

| 1/29/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**453311/2023   PORT AUTHORITY OF NEW YORK & NEW JERSEY vs. PORT AUTHORITY SERGEANTS BENEVOLENT ASSOCIATION ET AL
Motion No.  001**

Page 4 of 4

4 of 4

[* 4]